**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4116**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPHA TSHBANGU KASAI,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:16-cr-00268-AJT-1)

Submitted: August 28, 2018                  Decided: September 6, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel Tomas Lopez, BRIGLIAHUNDLEY, PC, Tysons Corner, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Maureen C. Cain, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josepha Tshbangu Kasai appeals his convictions, following a bench trial, for arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i) (2012); and possession of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d) (2012). Kasai argues that the evidence is insufficient to support his convictions—specifically, that the Government failed to produce sufficient evidence to corroborate his voluntary confession. We affirm.

"We review judgments resulting from a bench trial under a mixed standard of review: factual findings may be reversed only if clearly erroneous, while conclusions of law are examined de novo." *United States v. Landersman*, 886 F.3d 393, 406 (4th Cir. 2018) (alteration and internal quotation marks omitted). "In assessing the sufficiency of the evidence presented in a bench trial, we must uphold a guilty verdict if, taking the view most favorable to the [g]overnment, there is substantial evidence to support the verdict." *Id.* (internal quotation marks omitted). "Evidence is deemed 'substantial' if a reasonable finder of fact could view the evidence as establishing the defendant's guilt beyond a reasonable doubt." *United States v. Cowden*, 882 F.3d 464, 474 (4th Cir. 2018).

When evaluating the sufficiency of the evidence, "[w]e review both direct and circumstantial evidence, . . . accord the government all reasonable inferences from the facts shown to those sought to be established[,]. . . and assume that the [fact finder] resolved all contradictions in the testimony in favor of the government." *United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013). "Determinations of credibility lie within the sole province of the fact finder." *United States v. Palin*, 874 F.3d 418, 424 (4th Cir.

2

2017), *cert. denied*, 138 S. Ct. 1451 (2018). Ultimately, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden," *United States v. Lefsih*, 867 F.3d 459, 465 (4th Cir. 2017) (internal quotation marks omitted), and "reversal for insufficiency must be confined to cases where the prosecution's failure is clear," *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

However, even under these demanding standards, "it is a settled principle of the administration of criminal justice in the federal courts that a conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused made after commission of a crime." *United States v. Abu Ali*, 528 F.3d 210, 234 (4th Cir. 2008) (alteration and internal quotation marks omitted). "This is so because the doubt persists that the zeal of the agencies of prosecution to protect the peace or the aberration or weakness of the accused under the strain of suspicion may tinge or warp the facts of the confession." *Id.* (alteration and internal quotation marks omitted). Courts, therefore, "require corroboration to prevent confessions to crimes never committed and convictions based upon untrue confessions alone." *Id.* (internal quotation marks omitted).

To that end, "the government must introduce substantial independent evidence which would tend to establish the trustworthiness of the defendant's statement," but the "corroborative evidence need not be sufficient, independent of the defendant's incriminatory statements, to establish" his guilt. *Id.* at 235 (alterations and internal quotation marks omitted). Thus, the "corroborative evidence does not have to prove the offense beyond a reasonable doubt, or even by a preponderance, as long as there is

3

substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that the defendant is guilty." *Id.* (alteration and internal quotation marks omitted). Once a defendant's admissions have been corroborated by sufficient independent evidence, the government may "prove the offense through the statements of the accused." *Id.* (internal quotation marks omitted).

We have reviewed the record and conclude that the Government presented more than enough physical evidence and witness testimony to corroborate Kasai's voluntary confession. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*